UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-30027-MGM |
| | ) |
| RICHMOND CONSOLIDATED | ) |
| SCHOOL DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER
REGARDING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE
RECORD WITH ADDITIONAL TESTIMONY AND ADDITIONAL DOCUMENTS
(Dkt. No. 22)
September 22, 2015

ROBERTSON, U.S.M.J.

Pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Jacob Doe ("Jacob" or "Plaintiff"), by and through his mother and next friend, Jennifer Y., seeks judicial review of a decision by the Massachusetts Bureau of Special Education Appeals ("BSEA"). Jacob contests the BSEA conclusion that during the 2014-2015 school year Richmond Consolidated School District ("RCSD") provided Jacob with a free appropriate public education ("FAPE") as required by the IDEA. Jacob also seeks reimbursement of the funds expended by his mother for Jacob's education at Middlebridge School ("Middlebridge"), where she unilaterally placed Jacob in July of 2014 at her own expense. Jacob has filed a motion to supplement the administrative record pursuant to 20 U.S.C. § 1415 (i)(2)(c)(ii) (Dkt. No. 22). Defendants BSEA and RCSC oppose the motion. For the reasons that follow, the court will allow Plaintiff's motion.

I. <u>Applicable Legal Standards</u>

In judicial review of administrative decisions under the IDEA, Congress has provided that a reviewing district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court deems is appropriate." 20 U.S.C. § 1415 (i)(2)(C). Notwithstanding the ostensibly mandatory language of the clause, the First Circuit has held that the determination of what additional evidence may be admitted is left to the sound discretion of the trial court. In *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773 (1st Cir. 1984), *aff'd on other grounds*, *Burlington Sch. Comm. v. Mass. Dep't of Educ.*, 471 U.S. 359 (1985), the court held that the word "additional" should be construed "in the ordinary sense of the word … to mean 'supplemental.'" *Id*. at 790. The court reasoned that, "[t]hus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of the word 'additional.'" *Id*. The court provided a non-exhaustive list of reasons why supplementation might be appropriate in any given case, including "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id*. The court explicitly declined to adopt a *per se* rule disallowing testimony from witnesses who testified at the administrative hearing, instead holding that administrative hearing witnesses are presumed to be foreclosed from testifying at trial, but that a party can rebut the presumption by justifying the need for the witness to testify within specified limits. *Id*. at 790-91.

In *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983 (1st Cir. 1990), the court reiterated this approach and provided additional guidance to the district courts in the exercise of this discretion.

> [A] party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so. …. To determine whether this burden has been satisfied …. [a] district court "should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources."

*Id*. at 996 (quoting *Town of Burlington*, 736 F.2d at 791).

II. Analysis

Plaintiff seeks to supplement the administrative record in this matter by introducing End of Year Reports from Middlebridge for the 2014-2015 school year, which post-date the BSEA hearing, concerning Jacob's progress in his tutorial class, his social pragmatics class, and the residential portion of his program. Plaintiff also seeks to adduce testimony from Jacob's stepfather and from the Middlebridge Dean of Students concerning Jacob's progress at Middlebridge since the time of the BSEA hearing. Plaintiff argues that the evidence, which did not exist at the time of (and thus could not be introduced at) the hearing, is relevant to the question of whether the Individual Education Program ("IEP") offered by RCSC for the 2014-2015 school year was reasonably calculated to provide Jacob with a FAPE.

Defendants seek to exclude the additional evidence. Defendants argue that Jacob's stepfather and the Middlebridge Dean of Students are subject to the rebuttable presumption disallowing their testimony at trial because they testified at the administrative hearing and that the presumption should stand because allowing them to testify will enable them to repeat or embellish their earlier testimony in contravention of the First Circuit's guidance in *Town of*

*Burlington* and *Roland M*.  Defendants further argue that the proffered evidence regarding Jacob's post-hearing status is not relevant to the issue of whether the IEP was reasonably calculated to provide Jacob with a FAPE, since the adequacy or lack thereof of the IEP must be assessed as of the time it was developed.

The court believes Plaintiff has the better of the argument and will allow the additional evidence.  Jacob's stepfather's and the Middlebridge Dean of Student's proffered testimony, limited as it will be to Jacob's post-hearing status, is not a repeat or embellishment.  Indeed, notwithstanding its proscription against repeated or embellished testimony, the First Circuit noted that it expected exactly this type of post-hearing evidence to be presented to reviewing courts.  *Town of Burlington*, 736 F.2d at 791 (recognizing as an appropriate reason to supplement the record the admission of evidence concerning relevant events occurring subsequent to the hearing and acknowledging that, "in many instances experts who have testified at the administrative hearing will be bringing the court up to date on the child's progress from the time of the hearing to trial.").

Nor can the court conclude that the proffered evidence lacks relevance.  In order to justify reimbursement of the expenses associated with Jacob's attendance at Middlebridge, Plaintiff must demonstrate that RCSC's proposed IEP was inappropriate to meet Jacob's educational needs, and, if so, that the Middlebridge placement was appropriate.  *Burlington Sch. Comm.*, 471 U.S. at 370; *Roland M.*, 910 F.2d at 1000.  The proffered evidence has bearing on both inquiries.  Contrary to Defendants' argument and as recognized by numerous courts, evidence of Jacob's progress at Middlebridge very well may shed light on (and thus be relevant to) the reasonableness of the IEP at the time it was created.  *See C.G. v. Five Town Cmty. Sch. Dist.*, 436 F. Supp. 2d 181, 186 (D. Me. 2006); *Konkel v. Elmbrook Sch. Dist.*, 348 F. Supp. 2d 1018, 1023-

1024 (E.D. Wis. 2004); *Mr. I. v. Me. Sch. Admin. Dist. No. 55*, No. Civ. 04-165-P-H, 2004 WL 2397402, at *2 (D. Me. Oct. 27, 2004); *R.B. v. Bartholomew Consol. Sch. Corp.*, No. 1:03-CV-0939-DFH, 2004 WL 1087367, at *2 (S.D. Ind. May 4, 2004); *Mavis v. Sobol*, 839 F. Supp. 968, 980 (S.D.N.Y. 1994); *Norton Sch. Comm. v. Mass. Dept. of Educ.*, 768 F. Supp. 900, 910-911 (D. Mass. 1991). Further, should the court find the IEP inappropriate and reach the second question, the proffered evidence bears relevance to the question of whether placement at Middlebridge was appropriate. *See C.G.*, 436 F. Supp. 2d at 186.

Defendant RCSD's heavy reliance on *A.S. v. Trumbull Bd. of Educ.*, 414 F. Supp. 2d 152 (D. Conn. 2006), for exclusion of the evidence is misplaced. The plaintiffs in *Trumbull* sought to introduce records evidencing the children's progress during the school year following the one at issue in the appeal. *Id*. at 171. On that basis, the *Trumbull* court concluded that the evidence was of "questionable relevance," relating as it did to an entirely different school year than the one under consideration. *Id*. The court also noted that admission of the records for the subsequent school year would require it to conduct a full administrative hearing regarding that year in order to determine if it had any relevance to the prior year under consideration in the appeal. *Id*. at 172. This case is readily distinguishable from *Trumbull*, which, in any event, is not controlling precedent. Here, Plaintiff seeks to admit evidence relating to Jacob's progress during the 2014-2015 school year, the same year which is at issue in this appeal.

Given the relevance of the proffered evidence and in light of the difficult educational issues which must be resolved in a case such as this, the court concludes that Plaintiff has rebutted the presumption against testimony from Jacob's stepfather and the Middlebridge Dean of Students and will exercise its discretion to admit the testimony, as well as the reports from Middlebridge, regarding Jacob's post-hearing status.

III.    <u>Conclusion</u>

For the reasons stated above, Plaintiff's motion to supplement (Dkt. No. 22) is GRANTED.  Plaintiff's supplementation of the record shall be completed by no later than October 9, 2015.

It is so ordered.

                                            <u>/s/ Katherine A. Robertson</u>
                                            KATHERINE A. ROBERTSON
                                            United States Magistrate Judge